## BIGELOW v. CHURCH ET AL.

1. **Judgment:** EQUITABLE JURISDICTION. C. commenced an action against B. and others, aiding the same by attachment levied upon certain property as that of B. B.'s father commenced an action to recover possession of the attached property. An agreement for settlement of the actions was made in vacation, whereby B. undertook to pay the costs and the actions were to be dismissed, no time for the payment of costs being fixed. These not being paid at or before the time when the cases were triable, C. obtained judgment: *Held*, that equity would not interfere to set aside the judgment.

*Appeal from Hamilton Circuit Court.*

WEDNESDAY, APRIL 17.

ACTION in equity to restrain the enforcement of, and set aside a judgment at law.

The Circuit Court denied the relief asked, and the plaintiff appeals.

*W. C. Connell,* for appellant.

*Hyatt & Lee,* for appellees.

SEEVERS J.—The pleadings are so framed as to present for determination a single question of fact. Alfred Bigelow (a son of the plaintiff), Moore and Stevens, purchased a machine of the defendant Church, partly or wholly on credit, and being indebted therefor, Church commenced in the Circuit Court an action based thereon. He caused an attachment to issue, under which there was seized a team found in the possession of Alfred Bigelow, but which the plaintiff claimed belonged to him. He caused to be commenced in said court an action to recover the possession of said team. These actions were pending and for trial at the January Term, 1875, of the court. Previous to which, and sometime in January,

Bigelow v. Church.

an arrangement was made between Alfred Bigelow, Moore,. Stevens, and Church, whereby the latter agreed, in considera- tion that Bigelow should pay the costs in said actions, he would release him from the payment of any portion of the machine indebtedness.   No time was fixed for the payment of said costs, and the same not being paid by the term of court at which the action brought by the plaintiff to recover possession of the team stood for trial, and the plaintiff.failing to make his appearance, Church procured a judgment to be rendered in his favor, to set aside which this action is brought.

If Alfred Bigelow or the plaintiff had paid the costs before the term at which the judgment was rendered, the agreement made in relation thereto would have authorized a dismissal of the action commenced by the plaintiff.   Even if not dismissed, Church could not legally have taken judgment therein; and had he done so, we incline to think a court of equity would have set it aside.   But we are of the opinion it is fair to pre- sume the costs were to be paid before the term of court, although nothing was said on the subject; and as the same was not done, Church might well conclude the agreement made in reference thereto had been repudiated and aban- doned.   Church could not dismiss the action brought by the plaintiff, nor could he insist it should be dismissed at plaintiff's costs.   He did all he could do except to ask a con- tinuance, which might or might not have been granted.   The action was pending and liable to be called for trial at any time, and Church, for his own protection, was compelled to be in attendance until the case was in some manner disposed of. If the Bigelows in fact intended to comply in good faith with the agreement, a reasonable and fair degree of diligence would. have enabled them to do so.

AFFIRMED.